UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10393-RGS

ILYA LIVIZ, SR., et al.,

v.

SUPREME JUDICIAL COURT, et al.

MEMORANDUM AND ORDER

March 5, 2019

STEARNS, D.J.

For the reasons set forth below, the Court denies the petition and orders that this action be dismissed.

BACKGROUND

Petitioner Ilya Liviz filed on behalf of himself and his minor son a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with emergency motions for temporary restraining order and for leave to proceed *in forma pauperis*. The petition names as respondents the Massachusetts Supreme Judicial Court and each individual justice.

Liviz alleges that the respondents "ordered temporary transfer of [custody over his minor son] to DCF over Father's objection and request for his right to a jury trial." Petition, ¶ 22. Liviz states that because the "Mother waived her right on the record [as the father,] "custody is automatically his."

*Id.* at ¶ 29.  Liviz seeks an immediate order because an "eviction is scheduled on 03/05/2019"  *Id.* at ¶¶ 6, 27.  Liviz explains that he was approved for housing assistance and that "the money will not be given to him if he does not have custody."  *Id.* at ¶ 28.

## DISCUSSION

Although the petition is brought pursuant to 28 U.S.C. § 2241, the rules governing petitions brought pursuant to § 2254 cases may be applied to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.  Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."  Similarly, under 28 U.S.C. § 2243, if "it appears from the application that the applicant or person detained is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ should not be granted."

The Supreme Court has specifically held that § 2254 does not confer jurisdiction on federal courts to hear a collateral attack on a state court judgment regarding parental rights or child custody. *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 508-16 (1982); *see also*

*Sylvander v. New England Home For Little Wanderers*, 584 F.2d 1103 (1st Cir. 1978); *Rago v. Samaroo*, 344 F.Supp.3d 309, 314–15 (D. Mass. 2004) ("It is well settled, however, that federal courts have no jurisdiction in habeas corpus to determine a parent's right to custody of his minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.").

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) The motion for leave to proceed *in forma pauperis* is ALLOWED;

(2) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED;

(3) The emergency motion for a temporary restraining order and a preliminary injunction is DENIED; and

(4) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

   /s/ Richard G. Stearns   
UNITED STATES DISTRICT JUDGE